**Renee QUINONES and Irma Benar Quinones, Plaintiffs**

v.

**Robert DURKIS, individually and in his official capacity as Sheriff of Hendry County and Katherine Curry, Defendants.**

No. 84–8152–CIV–PAINE.

United States District Court, S.D. Florida.

June 25, 1986.

---

Isidro Garcia, Florida Rural Legal Services, Belle Glade, Fla., for plaintiffs.

Julius F. Parker, Jr., Tallahassee, Fla., for defendant Durkis.

Michael Dubiner, West Palm Beach, Fla., for defendant Curry.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS THE PLAINTIFFS' AMENDED COMPLAINT

PAINE, District Judge.

This cause is before the Court on Motion to Dismiss the Amended Complaint filed by the Defendant DURKIS (D.E. 11) and the Motion to Dismiss the Amended Complaint by the Defendant CURRY (D.E. 8).

In considering both motions the Court notes that the Plaintiffs have brought suit under Title 42 U.S.C. § 1983. The Defendants' motions are made pursuant to Fed.R.Civ.P. 12(b)(6) requiring us to accept the pleaded facts as true and resolve any factual issues in a manner favorable to the Plaintiffs. Such motions to dismiss should not be granted unless the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The Plaintiffs allege that in November, 1983, the Plaintiffs rented an apartment from the Defendant CURRY on an oral month to month lease. On or about December 1, 1983, the Defendant CURRY filed an eviction action in the Hendry County Court in an effort to evict the Plaintiffs from their residence. On December 22, 1983, Defendant CURRY's complaint for eviction was dismissed.

The Plaintiffs further allege that following the dismissal of the eviction action, the Defendant CURRY unlawfully caused the Defendant DURKIS, in his capacity as both Sheriff and as an individual, to issue instructions to the Hendry County Sheriff's Department to remove the Plaintiffs from their home. Accordingly, the Defendant DURKIS, through his agents or employees, illegally removed the Plaintiffs and their children from their residence. They were put out on the streets without warning, process of law, or opportunity to be heard.

The Plaintiffs contend that the Defendant DURKIS acted in reckless disregard for the Plaintiffs' rights when he should have known that no writ would permit him to dispossess the Plaintiffs.

The Plaintiffs state that they were forced to live on the streets without shelter, and their children were taken from them by the Florida Department of Health and Rehabilitative Services. As a result, the Plaintiffs contend, the Defendants infringed upon their property rights, violated their right to be free from unlawful state action, and violated their substantive due process rights.

## DISCUSSION

The Plaintiffs' claim is brought pursuant to Title 42 U.S.C. § 1983.

The statute states:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other procedure for redress ..."

■■■ The statute does not create substantive rights. Instead, the statute provides a remedy for deprivations of rights established elsewhere. To state a claim arising under § 1983, the plaintiff must plead two essential elements. First, the conduct complained of must have been committed by a person acting under color of state law. Second, the plaintiff must allege that this conduct deprived him of his rights, privileges, and immunities secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

In this case, the Plaintiffs have alleged that DURKIS wilfully and intentionally deprived them of their property rights and liberty to be free from state actions without due process as guaranteed by the United States Constitution. The plaintiffs additionally allege that DURKIS' actions constituted a violation of their substantive due process rights.

In Count I, the Plaintiffs seek damages pursuant to § 1983 against the Defendant Durkis in his official capacity as Sheriff of Hendry County, Florida. In Count II, damages are sought against DURKIS in his personal capacity.

### I. *Defendant DURKIS' Motion to Dismiss Count I will be DENIED.*

A recent United States Supreme Court decision sets out the distinction between personal and official capacity actions. *Kentucky v. Graham,* — U.S. —, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). In Count I, the Plaintiffs are suing Defendant DURKIS in his official capacity, which represents another way of pleading an action against the government entity that employs the official. *Kentucky,* 105 S.Ct. at 3105. Count I in essence is an attempt to recover damages from the Hendry County Sheriff's Department. The Plaintiffs contend that DURKIS was acting under color of state law, custom, and/or official policy when they were deprived of their constitutional rights.

■■■ The dispute in this case involves a Sheriff's Department rather than a municipality. Cases have held that an action against a Sheriff in his official capacity is another form of a claim against the government itself. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864 (7th Cir.1983). As a result, damages may be awarded against the Defendant in his official capacity only if they would be recoverable against a government entity such as a municipality. *Id.* This Court will subsequently consider the Hendry County Sheriff's Department as a governmental entity falling within the decision rendered in *Monell v. New York Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In *Monell,* the United States Supreme Court held that a municipality may only be held accountable if a constitutional deprivation occurs as a result of municipal policy or custom. *Id.* The Plaintiffs allege that the Defendants were adhering to a policy, however, such policy is not specified in the Amended Complaint. Nonetheless, they claim that they were deprived of their substantive due process rights through the implementation of the policy by DURKIS.

■■■ The Plaintiffs must establish one of two fact situations in order to hold the Defendant DURKIS responsible for his actions. The sheriff must be proven to have been either been personally involved in the acts depriving the Plaintiffs of their constitutional rights, or he must have breached a duty imposed on him by state law, which resulted in the Plaintiffs' injuries. *Ancata v. Prison Health Services,* 769 F.2d 700 (11th Cir.1985).

■ It is clear that a single incident causing a constitutional deprivation is not enough to constitute municipal liability. *Oklahoma City v. Tuttle*, — U.S. —, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). This Court, however, acknowledges the low threshold of sufficiency that a complaint must meet to survive a 12(b)(6) motion to dismiss. The Plaintiffs allege that the sheriff, himself, acted in concert with another defendant to cause the constitutional deprivation; it appears the Sheriff's Department may be liable. Cases have held if an official occupies a sufficiently high policy-making role, any action taken under color of state law will be deemed official policy. *Oklahoma City v. Tuttle*, — U.S. —, 105 S.Ct. 2427, 2440 n. 5, 85 L.Ed.2d 791 (1985) (Brennan, J., concurring).

■ Although *Oklahoma City* is applicable, the standard used to determine a state official's negligence must also be considered. Gross negligence or recklessness on the part of an official is clearly actionable. *See Popow v. City of Margate*, 476 F.Supp. 1237 (D.N.J.1979). In this case, it cannot be said that the Plaintiffs will not be able to establish the standard advanced above. Therefore, Defendant DURKIS' Motion to Dismiss Count I is DENIED.

## II. *Defendant DURKIS' Motion to Dismiss Count II will be DENIED.*

Count II of the Plaintiffs' Complaint also seeks damages against Defendant DURKIS. The Plaintiffs contend that DURKIS was acting under color of law, custom, and/or official policy, but without lawful authority when he violated the QUINONES' substantive due process rights.

■ Count II is categorized as a personal capacity suit. In a personal capacity suit, a party seeks to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky*, 105 S.Ct. at 3105. Thus, the Plaintiffs are seeking damages against Defendant DURKIS individually and against his personal assets in Count II (D.E. 6).

■ The issue in Count II is whether Defendant DURKIS, in performing acts while sheriff, may be sued individually for his actions which resulted in the violations complained of by the Plaintiffs. It is clear that official charged, as individuals, with unconstitutional activity are amenable to suit under 42 U.S.C. § 1983. *See Stebbins v. Weaver*, 396 F.Supp. 104 (W.D.Wisc. 1975).

■ The Plaintiffs must, however, establish that the sheriff was either personally involved in the wrongful acts, or that he breached a duty imposed by state law in order to be held accountable for his actions. *Ancata*, 769 F.2d 700, 706 (11th Cir.1985). In the Complaint, the Plaintiffs have alleged that DURKIS acted wilfully, maliciously, and in reckless disregard for the rights of the Plaintiffs when he deprived them of their constitutional rights.

Because of the liberal construction the courts must accord to the pleadings in a 12(b)(6) motion, the Plaintiffs may be able to establish liability under Section 1983 against DURKIS in his individual capacity. Therefore, the Defendant's Motion to Dismiss Count II is DENIED.

## III. *Defendant CURRY's Motion to Dismiss Count III is DENIED.*

Defendant CURRY has filed a Motion to Dismiss the three counts against her in the Plaintiffs' Complaint. The Counts are:

III. A count for damages pursuant 42 U.S.C. § 1983.

IV. A count for damages for abuse of process. (pendent claim)

V. A count for damages alleging violations of Fla. Stat. 83.53 et seq., (Florida Landlord Tenant Act). (pendent claim)

In Count III, the Plaintiffs allege that CURRY acted under color of state law and in concert with the Sheriff in infringing the Plaintiff's property interest and liberty to be free from unlawful state actions without due process. The Plaintiffs also contend that CURRY's actions resulted in a violation of their substantive due process rights.

The issue in Count III is whether, under the facts of this case, Defendant CURRY, who is a private party, may be appropriately characterized as a "state actor" in order to fall within the purview of Section 1983, and therefore be held liable for her actions.

It is clear that where a private party acting jointly with or through state officials becomes so allied with the state as to characterize the party as a state actor, the private party acts under color of state law. *Cobb v. Georgia Power Co.*, 757 F.2d 1248 (11th Cir.1985). Again, Defendant DURKIS is considered an official for the purposes of resolving this dispute. *See also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 942, 102 S.Ct. 2744, 2756, 73 L.Ed.2d 482 (1982) (A private party's joint participation with state officials in the seizure of property is sufficient to establish the party as a 'state actor' for the purposes of the Fourteenth Amendment.). In the complaint, the Plaintiffs allege that CURRY acted wilfully and in reckless disregard for the rights of the plaintiffs. Most important, CURRY was allegedly acting in concert with Defendant DURKIS when the Plaintiffs' rights were violated.

Construing the pleadings in a light most favorable to the Plaintiffs, it appears that facts may be proven which could establish the Defendant CURRY as an individual whose actions may render her culpable under Section 1983. As a result, Defendant CURRY's Motion to Dismiss Count III is DENIED.

IV. *Defendant CURRY's Motion to Dismiss Counts IV & V will be DENIED.*

Counts IV and V of the Plaintiffs' complaint are pendent claims. Counts IV and V are essentially state claims which would ordinarily be tried in state court. A federal court will consider state claims, however, if both the state and federal claims advanced in a complaint derive from a common nucleus of operative fact. *United ed Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). If the claims are considered without regard to their state or federal characteristics, and the claims are such that a plaintiff would be expected to try them in one judicial proceeding there is power in the federal courts to hear the whole. *Id.* 86 S.Ct. at 725.

In Count IV, the Plaintiffs seek damages against CURRY for the tort of abuse of process. After construing the pleadings in the light most favorable to the Plaintiff, Defendant CURRY's Motion to Dismiss Count IV is DENIED.

In Count V, the Plaintiffs seek damages against CURRY for her violation of Florida Statute 83.53 et seq., also known as the Florida Landlord/Tenant Act. Count V also arises from the common nucleus of operative facts which serve as the basis for Counts III and IV. Because it does not appear that the Plaintiffs can prove no set of facts which would entitle them to relief, Defendant CURRY's Motion to Dismiss Count V is denied.

Lastly, because the Plaintiffs have filed an Amended Complaint, the Motions to Dismiss filed earlier (D.E. 3 and D.E. 5) by both DURKIS and CURRY respectively are moot, and therefore DENIED.

Accordingly it is

ORDERED and ADJUDGED as to the following;

1. The Court will sua sponte GRANT Plaintiffs' Motion to Amend the Complaint;

2. Defendant DURKIS' Motion to Dismiss the Plaintiffs' Complaint is moot and is therefore DENIED (D.E. 3);

3. Defendant CURRY's Motion to Dismiss the Plaintiffs' Complaint is moot and is therefore DENIED (D.E. 5);

4. Defendant DURKIS' Motion to Dismiss Plaintiffs' Amended Complaint is DENIED;

5. Defendant CURRY's Motion to Dismiss Plaintiffs' Amended Complaint is DENIED.