**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Said HADDAD, James McMullin, Martin Schwartz, Ismael De Cardenas, Ramon C. Sanchez, Cayetano Midolo, Juan J. Martinez, Fileno Izquierdo, Jorge N. Carvallo and Carlos Sanchez, individually, jointly and severally, Defendants.**

No. 90–0779–CIV.

United States District Court, S.D. Florida.

July 26, 1991.

### ORDER ADOPTING IN FULL OMNIBUS REPORT AND RECOMMENDATION

ATKINS, Senior District Judge.

THIS CAUSE comes before the court on the Omnibus Report and Recommendation ("R & R") of the Honorable Linnea R. Johnson, *see* docket entry 100, which recommended the following: (1) that defendants Haddad, De Cardenas, Izquierdo and Sanchez's motions to dismiss the complaint, *see* docket entries 40, 43, 50 & 51, be GRANTED with prejudice as to Counts III, IV and V, and be DENIED as to the complaint as a whole; (2) that defendant McMullin's motion to dismiss the complaint, *see* docket entry 36, be GRANTED with prejudice as to III, IV and V, and be DENIED as to Counts I and II and the complaint as a whole; (3) that defendant Schwartz's motion to dismiss the complaint, *see* docket entry 55, be GRANTED with prejudice as to Counts III, IV and V, and be DENIED as to Counts I and II and the complaint as a whole; and (4) that defendant Sanchez's motion to dismiss, *see* docket entry 51, be DENIED as it relates to a stay of proceedings and an evidentiary hearing.

Upon independent consideration of the record—including the motions, responsive memoranda, the R & R, objections thereto, responses thereto, and supplemental memoranda—and the relevant rules and caselaw, it is ORDERED AND ADJUDGED that the R & R is ADOPTED IN FULL based on the reasoning therein and made the order of this court.

DONE AND ORDERED.

### OMNIBUS REPORT AND RECOMMENDATION

LINNEA R. JOHNSON, United States Magistrate Judge.

THIS CAUSE is before the Court on the following motions: (1) Defendant Said Had-

dad's Motion to Dismiss, filed May 23, 1990 (D.E. 40); (2) Defendant Ismael De Cardenas' Motion to Dismiss, filed June 15, 1990 (D.E. 50); (3) Defendant Ismael De Cardenas' Motion to Adopt Defendant Haddad's Memorandum of Law in Support of Motion to Dismiss, filed June 15, 1990 (D.E. 50); (4) Defendant Fileno Izquierdo's Motion to Dismiss, filed June 1, 1990 (D.E. 43);[1] (5) Defendant James McMullin's Motion to Dismiss Complaint Under Rule 12(b)(6), filed May 23, 1990 (D.E. 39); (6) Defendant Martin Schwartz's Motion to Dismiss, filed June 18, 1990 (D.E. 55); and (7) Defendant Carlos Sanchez' Motion to Dismiss, filed June 15, 1990 (D.E. 51).[2] These matters were referred to the undersigned United States Magistrate on July 2, 1990 by the Honorable C. Clyde Atkins, United States District Court Judge for the Southern District of Florida and are now ripe for judicial review.

## BACKGROUND

The Trust Bank ("Trust Bank") was a banking corporation organized under the laws of the State of Florida, which conducted business in Dade County, Florida, from June 15, 1985 to January 29, 1988. Trust Bank was a member of the Federal Reserve System and was insured by the Federal Deposit Insurance Corporation (the "FDIC"). As a "state-member bank," Trust Bank was under the regulatory supervision of the Federal Reserve Board and the Florida Department of Banking and Finance. Thus, Trust Bank was subject to the Federal Reserve Act, 12 U.S.C. § 221 *et seq.*, and the Florida Banking Code, *Fla. Stat.* Chs. 658, 660–663 (1985).

On January 29, 1988, the Florida Department of Banking and Finance declared Trust Bank insolvent. Thereafter, in accordance with Fla.Stat. §§ 658.79, 658.80, the FDIC was appointed as liquidator of the bank and simultaneously therewith, the Eleventh Judicial Circuit Court in and for Dade County, Florida, confirmed the FDIC's appointment and approved the sale of a portion of the bank's assets to another bank. Subsequently, pursuant to Fla.Stat. § 658.83(1)(b), the liquidator assigned its rights to sue for and defend all claims involving the bank to the FDIC in its corporate capacity.

Thereafter, the FDIC filed the instant action against defendants Said Haddad ("Haddad"), James McMullin ("McMullin"), Ismael De Cardenas ("De Cardenas"), Carlos Sanchez ("Sanchez"), Martin Schwartz ("Schwartz"), Fileno Izquierdo ("Izquierdo"), and other defendants seeking to recover damages for certain losses caused to the Trust Bank during the time that defendants held various positions as Trust Bank officers and/or directors. Plaintiff's five-count complaint contains four counts against all of the defendants for negligence and other wrongful conduct (Count I), Breach of Fiduciary Duties (Count II), Gross Negligence pursuant to 12 U.S.C. 1821(k) (Count III), and Breach of Contract (Count V), and one count against defendant directors for violation of their oaths of office pursuant to 12 U.S.C. § 73 (Count IV). Defendants Haddad, McMullin, De Cardenas, Sanchez, Schwartz, and Izquierdo have all filed, whether jointly or separately, motions to dismiss FDIC's complaint. The merits of these motions is the subject of the within Omnibus Report and Recommendation.

## STANDARD OF REVIEW

[1, 2] Defendants predicate their request for dismissal of the Amended Complaint on Fed.R.Civ.P., Rules 12(b)(6) and 9(b). When a federal court considers a 12(b)(6) motion of dismissal at the pleading stage, the court must apply the Federal Rules of Civil Procedure and not the state law in question. *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 658 F.Supp. 197 (S.D.N.Y.1987); *Hiatt v.*

---

**1.** Defendant Izquierdo adopts in full the relevant arguments and supporting law contained in defendant Said Haddad's Memorandum of Law in Support of Motion to Dismiss, filed May 23, 1990 (D.E. 42).

**2.** Defendant Sanchez adopts in full the relevant arguments and supporting law contained in defendant Said Haddad's Memorandum of Law in Support of Motion to Dismiss, filed May 23, 1990 (D.E. 42).

*Schreiber,* 599 F.Supp. 1142 (D.C.Colo. 1984). According to Fed.R.Civ.P. 8(a), a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief". *Caster v. Hennessey,* 781 F.2d 1569, 1570 (11th Cir. 1986). Courts have interpreted this standard liberally. While the pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests, the pleading is not required to set forth the detailed facts upon which the claim is based. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Neizil v. Williams,* 543 F.Supp. 899 (D.C.Fla.1982).

Furthermore, the court must accept well pleaded allegations of the complaint as true, and all ambiguities or doubts concerning sufficiency of the claim must be resolved in favor of the pleader. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Johnson v. Wells,* 566 F.2d 1016, 1017 (5th Cir. 1978); *Doe v. U.S. Department of Justice,* 753 F.2d 1092 (D.C.Cir.1985); *Quinones v. Durkis,* 638 F.Supp. 856 (S.D.Fla.1986); *Blatchford v. Guerra,* 548 F.Supp. 406 (S.D.Fla.1982). Finally, the court cannot dismiss unless it appears beyond doubt that under no set of facts can plaintiff state a claim which would entitle it to relief. *Bradberry v. Pinnellas County,* 789 F.2d 1513, 1515 (11th Cir.1986); *McKinnis v. Mosely,* 693 F.2d 1054, 1058 (11th Cir.1982); *Hammer v. Armstrong World Industries,* 679 F.Supp. 1096, 1098 (S.D.Fla.1987); *Donovan v. American Leader Newspapers, Inc.,* 524 F.Supp. 1144 (M.D.Fla.1981). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hammer v. Armstrong World Industries,* 679 F.Supp. 1096, 1098 (S.D.Fla. 1987).

■ Fed.R.Civ.P. 9(b) requires that "[i]n all averments of fraud or mistake, the cir-

cumstances constituting fraud or mistake shall be stated with particularity." This rule, however, must not be read to abrogate Rule 8(a). *Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir.1985). "[A] court should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading." *Id.,* (citing, *Zuckerman v. Franz,* 573 F.Supp. 351, 356 (S.D.Fla.1983)). *See also Xaphes v. Shearson, Hayden, Stone, Inc.,* 508 F.Supp. 882, 887 (S.D.Fla.1981).

## LEGAL ANALYSIS

### I.

## MOTIONS TO DISMISS FILED BY HADDAD, DE CARDENAS, IZQUIERDO, AND SANCHEZ [3]

**A.** *Count III—Gross Negligence Under 12 U.S.C. § 1821*

In Count III, plaintiff alleges a claim against defendants for gross negligence pursuant to 12 U.S.C. § 1821(k). Section 1821(k), which is part of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), states, in pertinent part, as follows:

> (k) Liability of directors and officers
>
> A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation—
>
> \*    \*    \*    \*    \*    \*
>
> for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.

---

**3.** Defendants Izquierdo, De Cardenas, and Sanchez adopt in full the Memorandum of Law

filed by defendant Haddad.

12 U.S.C. § 1821(k) (West 1989). The Effective date of this statute was August 9, 1989.

▇ Defendants argue that Count III of plaintiff's complaint should be dismissed with prejudice on the grounds that § 1821(k) may not be applied retroactively to conduct which took place prior to the enactment of the statute. Plaintiff concedes that the conduct at issue took place prior to the enactment of the statute on August 9, 1989, but argues that an order of dismissal is not warranted as retroactive application of the FIRREA is appropriate. This Court disagrees.

"Retroactivity is not favored in the law." *Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988). Absent the "unequivocal and inflexible import of its terms, and the manifest intent of the legislature", courts must presume that a law applies prospectively from the date of its enactment. *United States v. Sec. Indus. Bank*, 459 U.S. 70, 80, 103 S.Ct. 407, 413, 74 L.Ed.2d 235 (1982) (quoting, *Union Pac. R. Co. v. Laramie Stock Yards Co.*, 231 U.S. 190, 199, 34 S.Ct. 101, 58 L.Ed. 179 (1913)). *See also Bowen*, 488 U.S. at 208, 109 S.Ct. at 471; *Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 621–22, 11 L.Ed.2d 576 (1964); *Jackson v. Peoples Republic of China*, 794 F.2d 1490, 1497 (11th Cir.1986), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1371, 94 L.Ed.2d 687 (1987) (presumption in favor of prospective application "is a strong one."); *Cox v. Schweiker*, 684 F.2d 310, 318–319 (5th Cir.1982).[4]

In the instant case, the language of the FIRREA contains absolutely no indication that 12 U.S.C. § 1821(k) is to be applied retroactively. Indeed, a review of the legislative history of Section 1821(k) indicates, if anything, that it was intended to be applied in a prospective manner. *See* 135 Cong.Rec. H2748 (daily ed. June 15, 1989) (statement of Rep. Gonzalez, the sponsor of

the bill and the Chairman of the House, Banking, Finance and Urban Affairs Committee) ("as far as I know, there is no retrospective language in any part of the bill that would have any impact one way or another on pending litigation"); 135 Cong. Rec. H5003 (daily ed. Aug. 3, 1989) (statement of Rep. Ortiz) ("there is no intent that [the FIRREA] be applied to receiverships that have been enacted prior to the enactment of this bill"). Although these references pertain to the applicability of the FIRREA to pending litigation, they nonetheless indicate that the statute is prospective in nature. Indeed, when Congress intended for a particular provision to be applied retroactivity, it specifically stated so in unmistakable terms. *See, e.g.*, Section 905(a) of the FIRREA, amending Section 8(i) of 12 U.S.C. § 1818(i), where it expressly states that it is retroactive; Section 1401 of the FIRREA, which expressly provides a retroactive effective date of May 10, 1989 for tax changes resulting from enactment of the FIRREA. There is no corresponding language, either express or implied, in Section 1821(k) indicating that it is to be applied to acts or omissions committed by officers and directors of financial institutions before the statute was enacted.

The Supreme Court decision in *Bradley v. Richmond School Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), relied on by plaintiff in arguing that Section 1821(k) applies retroactively, does nothing to change the foregoing result. In *Bradley* the Supreme Court held that a court should apply the law in effect at the time it renders its decision, "unless doing so would result in manifest injustice or *there is statutory direction or legislative history to the contrary.*" (emphasis added) *Id.* at 712, 94 S.Ct. at 2016. In its argument, the FDIC incorrectly focuses on the first portion of this standard, ignoring numerous references to prospectivity in the legislative history of the FIRREA which make

---

**4.** The presumption against the retroactivity of statutes applies, however, only to substantive laws. Statutes governing remedies and procedure may be given retroactive effect. *See, In re Aloma Square Inc.*, 85 B.R. 623, 625 (Bkrtcy. M.D.Fla.1988). As § 1821(k) creates a new stat-

utory cause of action, it is a substantive liability creating provision to which the presumption against retroactivity applies. *See Richardson v. Honda Motor Co.*, 686 F.Supp. 303, 304 (M.D.Fla.1988).

consideration of the first factor unnecessary.

Indeed, several courts have already rejected the FDIC's position. The FDIC's position was most recently rejected in *Federal Deposit Ins. Corp. v. Cherry Bekaert & Holland*, 742 F.Supp. 612 at 616 (M.D.Fla.1990). In *Cherry Bekaert*, the court refused to apply the FIRREA retroactively. Relying on legislative comments such as that of Representative Henry Gonzalez, the court rejected as unpersuasive the sole statement of Senator Donald Riegle, relied upon by the FDIC. As stated by the court in *Cherry Bekaert*,

> The Court concludes that it need not address whether § 212(a) includes actions brought by the FDIC in its corporate capacity since it is not convinced that Congress intended § 212(a)(14) of FIRREA to apply retroactively to pending litigation. This conclusion is supported by the statements made by the two representatives, one the sponsor of the bill, which specifically address the issue of the retroactive application of FIRREA. *These statements are more indicative of Congressional intent regarding retroactivity than those of Senator Donald Riegle, presented by the FDIC in support of its motion.* (emphasis added)

*Id.*, at 616. *See also Federal Deposit Ins. Corp. v. Hall*, No. CIV–88–1211–A, slip op. at 3–4, 1990 WL 321174 (W.D.Okla. March 12, 1990) (refusing to apply FIRREA retroactively to case pending when FIRREA was enacted).

The undersigned agrees with defendants that in light of these congressional statements and cases holding that Congress did not intend Section 1821(k) to be applied retroactively, the Court need not decide whether "manifest injustice" under *Bradley* would result. Even under *Bradley*, the legislative history set forth above requires a finding that no retroactive application was intended. Accordingly, this Court recommends that Count III of plaintiff's complaint be dismissed with prejudice.

## B. *Count IV—Violation of Directors Oath Under 12 U.S.C. § 73*

■ In Count IV, plaintiff seeks relief against defendant directors for alleged violation of their oaths of office pursuant to 12 U.S.C. § 73. Defendants assert that dismissal of this count is warranted in that no private right of action under the statute exists. After a review of the case law on this point, this Court must agree.[5]

Section 73 of the National Bank Act requires bank directors to take an oath that they will "diligently and honestly administer the affairs of [the] association, and will not knowingly violate or willingly permit to be violated any of the provisions of this chapter ...". 12 U.S.C. § 73. Courts have consistently refused to imply a private cause of action under the statute for alleged violations of this provision.

In *Fries v. Kyriakides*, No. 85–3722–Civ–Hoeveler, slip op. at 2 (S.D.Fla. Feb. 20, 1987), the Honorable William M. Hoeveler held that "12 U.S.C. § 73 does not impose express and specific duties arising from [a] directors taking an oath, and, therefore, alleged violations of that provision do not confer a private cause of action." Similarly, in *Federal Deposit Ins. Corp. v. Kyriakides*, No. 87–1425–Civ–Nesbitt, slip op. at 2 (S.D.Fla. March 15, 1988), the Honorable Lenore C. Nesbitt, quoting, *Davis v. McFarland*, 15 F.2d 612, 613 (5th Cir.1926), *cert. denied*, 273 U.S. 754, 47 S.Ct. 457, 71 L.Ed. 875 (1927), stated that if liability for violation of an oath existed, it arose "not as a result of a violation of their oaths by the directors or of a breach of any federal law, but as a result of the breach by the directors of their common law duty to be honest and diligent in the administration of the affairs of the bank." *Kyriakides*, No. 87–1425–Civ–Nesbitt, slip op. at 2. Judge Nesbitt, applying the Supreme Court's analysis in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), went on to hold that the FDIC had failed to demon-

---

**5.** Alternatively, defendants argue that even if a private right of action under the statute does exist, dismissal of this count would still be warranted because the statute does not apply to

Trust Bank. Because we find dismissal of this count required due to the lack of a private right of action under the statute, analysis of defendants' alternative argument is unnecessary.

strate the existence of an implied private right of action for violation of 12 U.S.C. § 73. As explained by Judge Nesbitt,

First, plaintiff is not one of the class for whose benefit the statute was enacted; it creates no federal right. Second, there is no indication of legislative intent to create any such remedy. Third, it is inconsistent with the legislative scheme to permit such a remedy: a remedy exists in section 93 and in the common law; oaths are taken to impress upon the oathtaker the seriousness of the responsibility undertaken. (citations omitted)

*Id.* at 3. *See also Saker v. Community First Bank, N.A.,* 837 F.2d 476 (6th Cir. 1988) (refusing to imply a private right of action under 12 U.S.C. § 73); *Thompson v. Kerr,* 555 F.Supp. 1090, 1097 (S.D.Ohio 1982). (Same).[6] Accordingly, dismissal of Count IV with prejudice is mandated.

## C. *Count V—Breach of Contract*

[6] In Count V, plaintiff brings a claim against all defendants for breach of contract based on the directors' oath and an express or implied contract of employment. Defendants argue that a dismissal of this count is warranted on the following grounds. First, there is no express contract between the bank and its directors, nor is one alleged to have existed; and secondly, even assuming the directors took the directors' oath, such oath does not create a contractual obligation. Because we find no implied or express contract between the defendants and the bank to exist, the following analysis shall relate solely to the directors' oath and assuming such oath was made, whether it creates a contractual obligation sufficient to establish a claim for breach of contract.

Having reviewed the pleadings of the parties, all record evidence filed herein, and carefully considered the relevant case law,

this Court concludes that Count V of plaintiff's complaint for breach of contract should be dismissed. As recognized by the Chief United States District Judge for the District of Kansas in considering identical facts, Count V "merely restates plaintiff's negligence and breach of fiduciary duty claims in contract terms and does not state a separate cause of action for breach of contract." *Federal Deposit Ins. Corp. v. McAttee,* No. 87–2459–O, 1988 WL 248044 (D.Kan. October 5, 1988) (available on LEXIS No. 12267).

In *McAttee,* the FDIC alleged that the defendants, directors of a failed bank, had breached an express or implied contract to act honestly, diligently and with a reasonable degree of skill. Such express or implied contract allegedly arose out of the defendants' oath taken under 12 U.S.C. § 73. The court granted the directors' Motion to Dismiss the Breach of Contract Count for failure to state a claim, holding that "[S]ection 73 does not support a breach of contract." *McAttee,* No. 87–2459–0 (D.Kan. October 5, 1988) (available on LEXIS No. 12267). *See also Federal Deposit Ins. Corp. v. Hudson,* 643 F.Supp. 496, 498 (D.Kan.1986); *First Hawaiian Bank v. Alexander,* 558 F.Supp. 1128 (D.Haw.1983) (Breach of Contract count against bank directors dismissed where count alleged breach of state law, contractual duty to act, prudently and exercise due care). In accordance with the foregoing, this Court concludes that Count V of plaintiff's complaint for breach of contract should be dismissed with prejudice.

## D. *The Complaint as a Whole*

Defendants argue that plaintiff's complaint should be dismissed for failure to comply with the pleading requirements in Federal Court. The identical argument has already been addressed and denied by the

---

**6.** The law is well established that where a statute does not provide rights to an identifiable class, does not prohibit specific conduct as unlawful, and contains legislative history that is silent on the existence of a private right of action, there is no basis on which a private right of action may be maintained. *See, Smith v. Russellville Prod. Credit Ass'n,* 777 F.2d 1544, 1548 (11th Cir.1985). On this basis alone, Count

IV of plaintiff's complaint warrants dismissal, as absent from 12 U.S.C. § 73 is the provision of rights to an identifiable class and the specification of unlawful conduct. Moreover, as recognized by Judge Nesbitt, the statute's legislative history is silent on the existence of a private right of action. *Kyriakides,* No. 87–1425–Civ–Nesbitt, slip op. at 3.

United States District Court on May 21, 1990, styled "Order Denying Motion to Dismiss," entered by the Honorable C. Clyde Atkins, denying the motion to dismiss filed by Ramon Sanchez, one of the defendants herein. As Sanchez' motion was directed to the identical complaint at issue here, the aforementioned District Court's ruling applies equally here. Accordingly, this Court hereby adopts Judge Atkins' order and incorporates the same by reference. Defendants' Motion to Dismiss Plaintiff's Complaint of these grounds should therefore be denied.

## II.

## MOTION TO DISMISS FILED BY MCMULLIN

A. *Counts I and II—Negligence and Breach of Fiduciary Duty, Respectively*

■ Counts I and II of plaintiff's complaint seek relief against McMullin for negligence and breach of fiduciary duty, respectively. McMullin argues these counts should be dismissed because they assert common law claims preempted by the FIRREA. This Court disagrees.

■ "It is a well established axiom of statutory interpretation that in construing a statute, courts must first look to the plain meaning of the statute itself." *Solis–Ramirez v. United States Department of Justice*, 758 F.2d 1426, 1430 (11th Cir.1985) (quoting, *United States v. Anderez*, 661 F.2d 404, 406 (5th Cir.1981). It is only when a statute is inescapably ambiguous that review of legislative history becomes necessary. *Solis–Ramirez*, 758 F.2d at 1430. *See also Albernaz v. United States*, 450 U.S. 333, 341–344, 101 S.Ct. 1137, 1143–45, 67 L.Ed.2d 275 (1981); *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 109, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

Section 1821(k), at issue here, provides, in pertinent part, as follows:

> A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by ... the Corporation ... for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. *Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.* (emphasis added).

12 U.S.C. § 1821(k). Thus, this provision enables the corporation as receiver of an insolvent bank to bring an action for damages against bank directors or officers for gross negligence or conduct which demonstrates a greater disregard of their duty of care. The provision specifically states that it does not affect any other rights which exist under other applicable law. Here, other remedies available to the FDIC include common law claims for negligence and breach of fiduciary duty. Under the plain reading of Section 1821(k), these claims are available to the FDIC. They are not preempted by enactment of the FIRREA.

■ This Court finds unpersuasive McMullin's argument that Counts I and II are preempted by virtue of the legislative history of the FIRREA. First, because the language of the statute is plain and unambiguous, a resort to its legislative history is unnecessary. *Solis–Ramirez*, 758 F.2d at 1430 (review of legislative history unnecessary unless statute is inescapably ambiguous). Second, if § 1821(k) were to be read as preempting state common law claims against officers and directors of a failed bank, it would nullify the last sentence of the provision, which specifically provides that no other right of the corporation under other applicable law shall be impaired or affected. Only if we ignore elemental statutory rules of construction can Section 1821(k) be read in this way. *Meltzer v. Bd. of Public Instruction of Orange Cty.*, 548 F.2d 559, 578 and n. 38 (5th Cir.1977) ("if a 'statute admits a reasonable construction which gives effect to all of its provisions,' a court 'will not adopt a strained reading which renders one part a mere redundancy'" (citations omitted)). Here, a reason-

able construction giving effect to all of the Act's provisions is possible. Such construction mandates that Section 1821(k) be read to preempt state common law claims against officers or directors of a failed bank for conduct which rises to the level or gross negligence or higher but not to preempt those claims against officers or directors for conduct which rises to simple negligence. Finding Counts I and II properly state a claim upon which relief can be granted, this Court recommends McMullin's motion in this regard be denied.

B. *Counts IV (Violation of Directors' Oath Under 12 U.S.C. § 73), V (Breach of Contract), and III (Gross Negligence Under 12 U.S.C. § 1821(k))*

Count IV of plaintiff's complaint seeks relief against McMullin for alleged violation of his oath of office as director of Trust Bank pursuant to 12 U.S.C. § 73. In Count V, plaintiff seeks damages against McMullin for breach of contract based on his alleged taking of the directors' oath and an express or implied contract of employment between McMullin and Trust Bank. Finally, Count III asserts a claim against McMullin for gross negligence pursuant to 12 U.S.C. § 1821(k). These identical issues, as applied to the same complaint, have already been addressed and resolved by the undersigned previously herein. *See,* pgs. 1562–66 supra. Accordingly, the above-referenced discussion appearing on pgs. 1562–66 supra is hereby adopted and incorporated herein by reference. In accordance with the foregoing, the undersigned recommends that Counts IV, V, and III of plaintiff's complaint as to defendant McMullin be dismissed with prejudice.

## III.

### MOTION TO DISMISS FILED BY SCHWARTZ

A. *Count I—Negligence*

[10] Schwartz argues that Count I of plaintiff's complaint should be dismissed based on application of the business judgment rule. More specifically, Schwartz contends that Count I fails to state a claim

because "no cause of action for common law negligence against a corporate director in this State [exists]." Based upon the case law submitted, this Court disagrees.

"Under the business judgment rule, directors are presumed to have acted properly and in good faith, and are called to account for their actions only when they are shown to have engaged in *fraud, bad faith, or abuse of discretion.*" (emphasis added) *Cottle v. Storer Communication, Inc.,* 849 F.2d 570, 574 (11th Cir.1988). In the instant case, Count I asserts a claim for negligence and "other wrongful conduct." The other wrongful conduct alleged is bad faith, fraud, and mismanagement. These allegations sufficiently assert a claim under Count I for negligence and other wrongful conduct and fall outside the scope of the business judgment rule in accordance with *Cottle,* 849 F.2d at 574.

▇▇ Defendants' position that in general there is no cause of action against corporate directors under Florida law for "simple negligence" is unfounded. *See Flight Equipment and Engineering Corp. v. Shelton,* 103 So.2d 615, 627 (Fla.1958) ("officers and directors of a corporation are liable for damages to the corporation which result from a breach of their trust, a violation of authority or neglect of duty"); *Skinner v. Hulsey,* 94 Fla. 540, 113 So. 769 (1931); *Snead v. United States Trucking Corp.,* 380 So.2d 1075, 1078 (Fla. 1st DCA 1980); *Gadd v. Pearson,* 351 F.Supp. 895, 903 (M.D.Fla.1972). Also misplaced is defendants' reliance on *Cottle,* 849 F.2d 570. *Cottle* involved a claim against officers and directors of a corporation for various acts of mismanagement. There, the court granted summary judgment in favor of defendants as a result of plaintiff's failure to raise any "factual issue" to overcome application of the business judgment rule. *Id.* at 576–77. At issue here, however, is a motion to dismiss. When ruling on a motion to dismiss, the court is required to accept all well pled allegations of the complaint as true, and all ambiguities or doubts concerning sufficiency of the claim must be resolved in favor of the pleader. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232–33; *Qui-*

*nones,* 638 F.Supp. 856; *Johnson,* 566 F.2d at 1017. Thus, taking all well pled allegations of the complaint as true, as we must, this Court finds that plaintiff has sufficiently stated a claim under Count I and therefore recommends that defendants' motion in this regard be denied.

### B. *Complaint as a Whole and Count II (Breach of Fiduciary Duty)*

Schwartz attacks the complaint as a whole and Count II in particular for failure to allege with adequate specificity the acts of wrongdoing committed by Schwartz in violation of Fed.R.Civ.P., Rules 8(a) and 9(b). This identical issue as applied to the same complaint has already been addressed and resolved by the undersigned previously herein. *See* pgs. 1566–67, supra. Accordingly, the above-referenced discussion appearing on pgs. 1566–67, supra, is hereby adopted and incorporated herein by reference. In accordance with the foregoing, the undersigned recommends that defendants' Motion to Dismiss Plaintiff's Complaint on these grounds be denied.

### C. *Count III (Gross Negligence Pursuant to 12 U.S.C. § 1821), Count IV (Violation of Directors' Oath Under 12 U.S.C. § 73), Count V (Breach of Contract)*

In support of his motion to dismiss Counts III, IV and V, Schwartz adopts the argument and legal authority set forth in the Memorandum of Law in Support of Defendant Haddad's Motion to Dismiss. Accordingly, this Court's recommendation as it relates to Haddad's Motion to Dismiss directed at the identical complaint at issue herein shall apply equally to Schwartz's Motion to Dismiss as it relates to Counts III, IV and V. *See,* pgs. 1562–66, supra. In accordance with the foregoing, this Court hereby adopts the aforereferenced discussion appearing on pgs. 1562–66, supra and incorporates the same by reference. Accordingly, it is recommended that Schwartz's Motion to Dismiss as it relates to Counts III, IV and V be granted.

### IV.

### MOTION TO DISMISS FILED BY SANCHEZ

Like the other defendants Sanchez has been sued by the FDIC for Common Law Negligence (Count I), Breach of Fiduciary Duty (Count II), Gross Negligence under 12 U.S.C. § 1821 (Count III), Violation of Directors Oath Pursuant to 12 U.S.C. § 73 (Count IV) and Breach of Contract (Count V) for conduct allegedly committed while a director and officer of Trust Bank. In what is styled as a "Motion to Dismiss" Sanchez adopts in full the Memorandum of Law filed by defendant, Said Haddad in support of Haddad's Motion to Dismiss and further requests that this Court stay these proceedings and hold an evidentiary hearing to determine whether the evidence relied on by the FDIC "is derived from a legitimate source which is wholly independent of testimony and information derived from [Sanchez] pursuant to the plea agreement entered into between the United States and Carlos Sanchez in case no. 88–858–CR–HOEVELER."

In so far as Sanchez' Motion, by way of adoption, is directed to the sufficiency of the complaint as a whole and Counts III, IV and V in particular, this Court hereby adopts and incorporates herein by reference the undersigned's discussion previously set forth herein on pgs. 1562–66, supra. In accordance with the foregoing this Court recommends that Counts III, IV and V of plaintiff's complaint be dismissed with prejudice.

As for plaintiffs further request for a stay of these proceedings and an evidentiary hearing, this Court finds plaintiff's position unfounded and the law cited by plaintiff in support without merit. In *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), the court held that in any subsequent criminal prosecution of a person who has been granted immunity to testify, the prosecution must establish that evidence proposed to be used is derived from a legitimate source wholly independent of compelled testimony. This decision was deemed necessary so as to provide viability for the Fifth Amendment privilege. This holding, however, is

squarely limited to the criminal context and not applicable to the instant civil litigation. *United States v. Kates*, 419 F.Supp. 846, 857–58 (E.D.Pa.1976).

█ A criminal plea agreement which is ambiguous as to whether it means that the defendants statement may not be used against him in a civil forfeiture may require interpretation of the agreement by the trial court. *United States v. One Parcel of Real Estate*, 911 F.2d 1525 (11th Cir.1990). The agreement entered into between the United States of America and Carlos Sanchez is not ambiguous. It states,

> The United States agrees that no testimony or other information given by defendant CARLOS R. SANCHEZ under this agreement or any information directly or indirectly derived from such testimony or other information, shall be used against the defendant in any criminal or civil proceeding or in the preparation of the pre-sentence investigation report. This immunity provision is intended by all parties to be co-extensive with the protections afforded, pursuant to Title 18, United States Code, Sections 6001 and 6002. Such information may be used, however, in a prosecution for perjury or for any offense involving the making of a false statement to a federal law enforcement agent or federal government agency.

Plea Agreement, paragraph 9.

The defense, may through the discovery process, determine whether or not FDIC and the United States government have breached the plea agreement. In the event defendant determines that plaintiff, an agency of the United States is using information derived from his immunized testimony, defendant may seek specific performance of the plea agreement by a motion to vacate the guilty plea.

█ To the extent defendant is making an estoppel argument for dismissal of the complaint his position is without merit. In *United States v. Killough*, 848 F.2d 1523, 1526 (11th Cir.1988) the court held that the government is not estopped from bringing a civil action under the False Claims Act, 31 U.S.C. §§ 3729–3731 where in an earlier criminal proceeding an Assistant United States Attorney promised that no further action would be taken against the defendants if they pled guilty and cooperated. *Id.* at 1527. An Assistant United States Attorney has no authority to compromise a civil claim of the United States. *Id.*

In accordance with the above and foregoing, it is hereby RECOMMENDED as follows:

1) Defendants Haddad, De Cardenas, Izquierdo, and Sanchez' Motions to Dismiss Plaintiff's Complaint as they relate to Counts III, IV and V be granted with prejudice. Said motions as they relate to plaintiff's complaint as a whole should be denied.

2) Defendant McMullin's Motion to Dismiss Plaintiff's Complaint as it relates to Counts I and II and to the complaint as a whole should be denied. Said motion as it relates to Counts III, IV and V should be granted with prejudice.

3) Defendant Schwartz's Motion to Dismiss Plaintiff's Complaint as it relates to Counts I and II of plaintiff's complaint and to the complaint as a whole should be denied. Said motion as it relates to Counts III, IV and V of plaintiff's complaint should be granted with prejudice.

4) Defendant Sanchez' motion, styled "Motion to Dismiss" as it relates to a stay of the proceedings and an evidentiary hearing pursuant to *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653 (1972), should be denied.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable C. Clyde Atkins, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

DONE AND ORDERED.