Helmut R. TEVINI, Plaintiff,

v.

CHC INTERNATIONAL, INC., A Florida Corporation, Defendant.

No. 96–0344–Civ.

United States District Court, S.D. Florida.

Sept. 30, 1996.

Lawrence R. Metsch, Metsch & Metsch, P.A., Miami, FL, for Plaintiff.

Michael W. Casey, III, Frank H. Henry, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

HOEVELER, Senior District Judge.

This cause comes before the Court on Defendant CHC International, Inc.'s ("CHC") Motion to Dismiss (D.E. # 4) and Plaintiff's Motion to Convert Defendant's Motion to Dismiss to a Motion for Summary Judgment (D.E. # 5).

### BACKGROUND

Defendant, CHC[1] is engaged in the business of managing hotels, resorts and casinos. Beginning in 1984, Plaintiff Helmut R. Tevini was employed by Defendant as the Food and Beverage Director at the Bonaventure Resort and Spa in Fort Lauderdale, Florida, a resort which Defendant managed for an unrelated ownership group. Subsequently, in 1988, Plaintiff was promoted to Defendant's corporate headquarters as the "Regional Director, Food and Beverage Operations". As the Regional Director, Plaintiff supervised the food and beverage operations of approximately ten to eighteen hotels.

During February of 1995, Plaintiff was "involuntary relieved of his duties as Regional Director ... and reassigned from CHC's corporate headquarters to the Bonaventure as its Director of Catering and Conference Services, a position which he had overseen as the Bonaventure's Food and Beverage Director." *Plaintiff's Complaint* at p. 4. On November 3, 1995, Bonaventure's General Manager issued a memorandum to Plaintiff critical of his "style of management." *Exhibit A of Plaintiff's Complaint.* On December 14, 1995, Plaintiff submitted his written resignation to Defendant. *Exhibit B of Plaintiff's Complaint.*

Following his resignation, Plaintiff filed a two count complaint against Defendant alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (1995). In Count I, Plaintiff contends he was wrongfully denied severance compensation under an ERISA severance plan. In Count II Plaintiff asserts that Defendant unlawfully refused to pay him deferred compensation under an ERISA pension plan.

Defendant seeks to dismiss Count I on the basis that this Court is without jurisdiction to entertain Plaintiff's claim for severance benefits. Defendant moves to dismiss Count II on the grounds that Plaintiff has failed to state a claim for denial of any ERISA-governed pension plan.

### MOTION TO DISMISS STANDARD

A defendant's motion to dismiss for failure to state a claim should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). All that the Federal Rules of Civil Procedure require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the

---

1. Since 1984, Plaintiff was employed by The Continental Companies ("TCC"). According to Plaintiff, CHC International, Inc., was formed in 1994 as the successor-in-interest to TCC. *Plaintiff's Complaint* at p. 2.

grounds upon which it rests. *Id.* In evaluating the sufficiency of the claim, all facts stated in the complaint are accepted as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984), factual issues are to be resolved in favor of the plaintiff, *Quinones v. Durkis*, 638 F.Supp. 856, 858 (S.D.Fla.1986), and the prospect of recovery is irrelevant. *In re Asbestos Litigation*, 679 F.Supp. 1096, 1098 (S.D.Fla.1987). With these principles in mind, the Court will consider the arguments advanced by the Defendants seeking the dismissal of the various counts.

### *ANALYSIS*

**Count I—Severance Plan**

In Count I of his Complaint, Plaintiff alleges Defendant has established a "CHC Severance Compensation Plan", as defined in § 3(1) of ERISA, 29 U.S.C. § 1002(1), which has paid severance compensation to several employees of Defendant. Plaintiff argues Defendant's refusal to pay him severance compensation violates the "CHC Severance Compensation Plan".

■ To establish federal jurisdiction, the complaint must allege such facts as will show the establishment or maintenance of a "plan, fund, or program" of the type covered by ERISA. *Dees v. PrimeHealth*, 894 F.Supp. 1549, 1552 (S.D.Ala.1995). In *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir.1982) (en banc), the Eleventh Circuit established the following criteria to determine if a plan has been established:

> [A] plan, fund or program under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.

*Donovan*, 688 F.2d at 1373.

■ Plaintiff's Complaint fails to allege facts which would justify this Court in concluding Defendant established a severance compensation plan. Whether or not Plaintiff can show that Defendant has met the requirements under *Donovan* for establishing and maintaining an ERISA plan is a matter to be addressed, if at all, later in these proceedings. However, in order to survive a Motion to Dismiss Plaintiff must show that he has alleged in his complaint facts that, if true, state a claim under ERISA. Thus, Plaintiff must in his Complaint allege facts that, if true, satisfy the *Donovan* standard. Nowhere in the Complaint does Plaintiff allege facts that establish that a reasonable person could ascertain the plan's intended benefits, class of beneficiaries, source of financing, and procedures for receiving benefits. Accordingly, Defendant's Motion to Dismiss Count I is GRANTED.

**Count II—Pension Plan**

In Count II of the Complaint, Plaintiff asserts that Defendant established an employee pension benefit plan referred to by the Plaintiff as the "CHC Deferred Compensation Plan." In Paragraph 26 of Plaintiff's Complaint, Plaintiff alleges:

> Tevini was a "participant", as that term is defined by § 3(7) of ERISA, 29 U.S.C. § 1002 (70, in the CHC Deferred Compensation Plan and, prior to his resignation, had worked for TCC and CHC for more than eleven (11) years.) CHC was and is the "sponsor", as that term is defined by § 3(16)(b) of ERISA, 29 U.S.C. § 1002(16)(b), of the CHC Deferred Compensation Plan.

■ Plaintiff contends Defendant has violated the "CHC Deferred Compensation Plan" and that he is owed benefits under the plan. Defendant, in its Motion to Dismiss, asserts that Plaintiff fails to allege in its Complaint that "he was entitled to benefits, applied for them and was denied." *Defendant's Motion to Dismiss* at p. 9. Defendant further argues that, even accepting every allegation in the Complaint as true, Plaintiff has failed to state a claim for denial of any pension benefits under ERISA, because Plaintiff is forty-seven (47) years old and would not be entitled to receive any compensation under the pension plan until he is sixty-five (65).

The plan in question provides compensation for those members of the plan who have been with the company for eleven (11) years. *Exhibit I of Plaintiff's Complaint*. Howev-

er, under the plan's terms the company does not begin paying the supplemental retirement income to the employee until his "retirement date", defined as the "first day of the month following the date of Employee's attainment of age sixty-five (65), or at such other earlier time as the Company, with the approval of the Executive Committee of the Company, and the Employee may agree." *Exhibit I of Plaintiff's Complaint.* Additionally, an employee may forfeit his entire "Deferred Compensation Benefit" if he leaves the company prior to eleven (11) years of service or if he is found guilty of dishonesty, embezzlement, fraud, revealing of confidences, or conspiracy against the company. *Exhibit I of Plaintiff's Complaint.*

Plaintiff does not allege that he has reached the "retirement age" set out in Defendant's pension plan, nor does he allege the existence of any special agreement approved by the Company's Executive Committee that would entitle him to an earlier receipt of pension benefits. Thus, Defendant contends, that even assuming Plaintiff is a member of the plan, he is not entitled to receive any benefits until he reaches the age of sixty-five. Defendant notes that ERISA imposes no obligation on a plan to pay benefits before an employee reaches "normal retirement age." *Roper v. Pullman Standard,* 859 F.2d 1472, 1476 (11th Cir.1988) *citing Fine v. Semet,* 699 F.2d 1091, 1093 (11th Cir.1983). If there is any right to earlier benefits, it must be found in the individual agreements. *Id.*

Plaintiff concedes that ERISA does not impose an obligation to make early payments, but argues that the court in *Fine v. Semet,* 699 F.2d 1091 (11th Cir.1983), recognized that, under some circumstances, the refusal to pay benefits before an employee reaches normal retirement age may be deemed "arbitrary and capricious." Plaintiff now asserts that other, similarly situated, employees of CHC were paid benefits under "CHC's Deferred Compensation Plan" in advance of their normal retirement dates. He argues that if he is able to prove that such payments were made, he would be in a position to establish that CHC's refusal to pay such benefits to him upon his resignation was "arbitrary and capricious." *Plaintiff's Mo-*

*tion to Convert Defendant's Motion to Dismiss to a Motion for Summary Judgment* at p. 7. However, in his Complaint, Plaintiff does not allege that other employees of Defendant received pension benefits prior to their "retirement age." Thus, Plaintiff has failed to state a sufficient claim as to Defendant's wrongful denial of pension benefits. Accordingly, Defendant's Motion to Dismiss Count II is GRANTED.

### CONCLUSION

Based on the above, it is hereby,

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count I and Count II of Plaintiff's Verified Complaint is GRANTED. Plaintiff's Motion to Convert Defendant's Motion to Dismiss to a Motion for Summary Judgment is DENIED. All other pending motions (D.E. # 's 7 and 9) are DENIED AS MOOT. THIS COURT GRANTS PLAINTIFF LEAVE TO AMEND HIS COMPLAINT WITHIN THE NEXT TWENTY (20) DAYS.

DONE AND ORDERED.

