**Allison TRIEF, Plaintiff,**

v.

**AMERICAN GENERAL LIFE
INSURANCE COMPANY,
Defendant.**

**No. 06–60378 CIV.**

United States District Court,
S.D. Florida.

Aug. 10, 2006.

Gary J. Guzzi and Mark S. Shapiro, Akerman Senterfitt, Miami, FL, for Defendant.

Eric Stettin, Kuvin & Stettin, Ft. Lauderdale, FL, for Plaintiff.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT II AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND

UNGARO–BENAGES, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss and/or Abate Count II of Plaintiff's Complaint, filed March 27, 2006. (DE # 2.) Plaintiff filed a response on April 13, 2006 to which Defendant replied on April 24, 2006. Also before the Court is Plaintiff's Motion to Amend, filed May 30, 2006. (DE # 22.) Defendant filed its response on June 7, 2000. No reply was filed. The matters are ripe for disposition.

THE COURT has considered the motions and the pertinent portions of the record and is otherwise fully advised in the premises.

### BACKGROUND

By way of background, on December 14, 2004, Defendant issued a life insurance policy to Plaintiff's husband, Roger Trief. (Pl.'s Compl. ¶ 4.) The Policy was a Renewable Level Benefit 20 Year Term Life Policy covering Trief with $2,000,000 in benefits payable to Plaintiff upon his death. (Pl.'s Compl. ¶ 5.) Trief died on October 23, 2005. (Compl. ¶ 7.) On December 1, 2005, Plaintiff sent Defendant a notice of her husband's death and demanded payment of the policy benefits. (Pl.'s Compl. ¶ 8.) Although Defendant has not denied that Plaintiff is entitled to the proceeds, it has yet to pay them to Plaintiff. (Pl.'s Compl. ¶ 9.) Therefore, on February 28, 2006, Plaintiff filed her Complaint against Defendant including claims for: (1) declaratory relief; (2) breach of implied obligation of good faith; and (3) breach of contract. Defendant claims that Plaintiff's claim for breach of implied obligation of good faith should be dismissed as a matter of law.

### LEGAL STANDARD

On a motion to dismiss the court must view the complaint in the light most favorable to the plaintiff, *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), and may only grant the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Brooks v. Blue Cross and Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997); *See also* Fed.R.Civ.P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). Moreover, the Court must, "at this stage of the litigation, … accept [the plaintiff's] allegations as true." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984);

*See also Brooks,* 116 F.3d at 1369. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993).

## *ANALYSIS*

### *Defendant's Motion to Dismiss Count II*

■ Under Florida law, there is no independent cause of action for breach of an implied covenant of good faith and fair dealing. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1318 (11th Cir.1999). Rather, a party must allege that an express contractual provision has been breached. *Id.* Here, Plaintiff alleges that Defendant breached its implied covenant of good faith because it: (1) wrongfully and carelessly failed to pay the policy benefits in accordance with the terms and conditions of the Policy; (2) wrongfully and carelessly adjusted the claim submitted by Plaintiff; (3) failed to adjust the claim in good faith; (4) failed to investigate the claim in good faith; and (5) failed to pay the claim without any basis in fact or law specifically knowing of the harm that would be caused to Plaintiff. (Pl.'s Compl. ¶ 25.)

■ A review of these allegations demonstrates that Plaintiff has failed to state a claim for breach of implied covenant of good faith as a matter of law. The Policy does not mention how Defendant must adjust, investigate, or to pay claims and Plaintiff fails to allege that an express term of the contract has been breached. Additionally, even if the Court found that Plaintiff properly alleged breach of an express contract provision, the allegations resemble a claim for statutory bad faith rather than one for breach of implied obligation of good faith. *See* Fla. Stat. 624.155 (2005) (insurer liable for bad faith for failing in good faith to settle claims). As discussed *infra,* a claim for statutory bad faith is premature until the underlying coverage dispute is determined.

■ Alternatively, it appears that Plaintiff's allegations in count II amount to nothing more than a general allegation for breach of contract and are therefore duplicative of count III. *See Harrison v. Digital Health Plan,* 183 F.3d 1235 (11th Cir.1999) (affirming district court's order dismissing duplicative claims). Accordingly, the Court finds that count II must be dismissed.

### *Plaintiff's Motion to Amend*

■ Next, Plaintiff seeks to amend its complaint to include a claim for statutory bad faith pursuant to Fla. Stat. § 624.155. As both Plaintiff and Defendant acknowledge, a claim for bad faith cannot proceed until the underlying coverage dispute has been resolved. *Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So.2d 1289, 1291 (Fla.1991); *Vest v. Travelers Ins. Co.,* 753 So.2d 1270, 1276 (Fla.2000). Generally, courts either abate or dismiss the claim for statutory bad faith until the underlying coverage dispute is determined. *O'Rourke v. Provident Life & Acc. Ins. Co.,* 48 F.Supp.2d. 1383, 1384–85 (S.D.Fla.1999) (ordering claim to be abated); *Vest,* 753 So.2d at 1276 (ordering claim to be dismissed as premature). Here, Plaintiff's motion to amend is premature as the underlying coverage dispute has yet to be decided. If Plaintiff prevails on the issue of coverage, she may then move to amend her complaint to add a cause of action for statutory bad faith. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANT-

ED. Count II of Plaintiff's complaint is DISMISSED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Amend is DENIED WITHOUT PREJUDICE.