**TRACFONE WIRELESS, INC.,**
a Delaware Corporation,
Plaintiff,

v.

**GSM GROUP, INC., a Florida corporation, d/b/a WireleXelectroniX.com and Wirelexelectronix, Marco Antonio Quintero a/k/a Marcelo Quintero a/k/a Marco J. Quintero, individually, and d/b/a WireleXelectroniX.com and Wirelexelectronix.com, John Does 1–50, and XYZ Companies 1–50., Defendants.**

No. 07–23166–CIV–
MARTINEZ/BANDSTRA.

United States District Court,
S.D. Florida.

May 15, 2008.

---

Christopher Mark Paolini, James Blaker Baldinger, Maria C. Montenegro, Steven Jeffrey Brodie, Carlton Fields, P.A., Miami, FL, for Plaintiff.

Kevin Patrick Crosby, Brinkley Morgan Solomon Tatum Stanley Lunny & Crosby, Fort Lauderdale, FL, for Defendants.

## ORDER

TED E. BANDSTRA, United States Chief Magistrate Judge.

THIS CAUSE is before the Court on Defendants' Motion to Dismiss the Complaint (D.E.15) filed on January 9, 2007. Following the consent of the parties to the jurisdiction of the undersigned for certain pretrial motions including motions to dismiss, this motion was referred to the undersigned by the Honorable Jose E. Martinez for appropriate resolution pursuant to 28 U.S.C. § 636(c) on February 29, 2008. Having considered this motion, the response and reply thereto, the court file and applicable law, it is hereby

ORDERED and ADJUDGED that Defendants' Motion to Dismiss the Complaint is DENIED.

## FACTUAL BACKGROUND[1]

This is an action for damages and injunctive relief arising of defendants' alleged infringement of plaintiff's trademarks and copyrights and other rights related to plaintiff's prepaid wireless telephone services, NET10 prepaid wireless service and TracFone/NET 10 specially manufactured wireless telephones designed for use exclusively in the United States, Puerto Rico, and the Virgin Islands with TracFone/NET 10's prepaid wireless service. TracFone Wireless, Inc. ("TracFone" or "plaintiff") provides prepaid wireless telephone service under both the TracFone and NET10 brands. TracFone's service enables its customers to prepay for their wireless telephone service by purchasing TracFone's airtime cards and specially programmed wireless telephones. Using codes generated from PIN numbers found on the airtime cards or on plaintiff's website, customers load airtime into their TracFone or NET10 phones. TracFone and/or NET10 prepaid phones and the airtime cards are sold through major national retailers such as Wal–Mart, Target and Sam's Club. TracFone contracts with facilities-based wireless providers like AT & T or Sprint/Nextel to purchase airtime on their networks for use by TracFone's customers.

TracFone attracts its customers by selling its prepaid phones for less than TracFone's costs. TracFone recoups this

---

1. The factual background is derived from plaintiff's complaint as the factual allegations in a complaint must be taken as true and all reasonable inferences therefrom are construed in the light most favorable to the plaintiff when reviewing a motion to dismiss. *See Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1198 n. 2 (11th Cir.2001).

loss through profits generated on the sale of the prepaid airtime cards which are required to make and receive calls on the phones. The phones are factory installed with proprietary software which prevents the prepaid phones from being used without first loading the airtime minutes from plaintiff's prepaid airtime cards and which restricts the operation of the phones to plaintiff's prepaid wireless network. TracFone owns and uses in commerce several trademarks including the marks TracFone and NET10. The packaging of the prepaid phones and handsets contain terms and conditions intended to restrict the use of the prepaid phones to TracFone's prepaid wireless service network.

Defendant GSM Group, Inc. is a Florida corporation d/b/a WireleXelectroniX.com and Wirelexelectronix ("GSM"). Defendant Marco Antonio Quintero a/k/a Marcelo Quintero a/k/a Marco J. Quintero ("Quintero") is the principal of GSM. TracFone alleges that "persons, such as Defendants" and "yet to be identified John Does and Jane Does 1–50" and the XYZ Companies 1–50 are "purchasing and selling TracFone/Net10 Prepaid Phones in bulk quantities for use outside the TracFone system." Cpt., ¶¶ 10 & 29. TracFone further alleges that this "Bulk Resale Scheme" entails removing the phones from their original retail packaging, unlocking, computer-hacking and then reflashing the phones resulting in alteration, erasure or removal of TracFone's copyrighted and proprietary software. Cpt., ¶¶ 32 & 38. Once the phones are unlocked and reflashed, they are no longer operable on TracFone's network system thereby precluding TracFone from generating revenue from the purchase of airtime minutes on the phones and preventing Tracfone from recouping the invested subsidy on the phones. Cpt., ¶ 34. TracFone further asserts that the reflashed phones are then trafficked and resold at a profit for use on other wireless networks outside the United States. Cpt., ¶¶ 35 & 40.

Based on these and other allegations arising out of defendants' alleged unlawful business practices, TracFone commenced this action against defendants on December 5, 2007, asserting claims of breach of contract (Count I), federal trademark infringement (Count II), federal unfair competition (Count III), common law unfair competition (Count IV), contributory trademark infringement (Count V), copyright infringement of the prepaid service (Count VI), circumvention of copyrighted software protection system (Count VII), trafficking in circumvention technology (Count VIII), unfair competition and false advertising (Count IX), civil conspiracy (Count X) and unjust enrichment (Count XI)

On January 9, 2008, GSM and Quintero ("defendants") filed the instant motion to dismiss the Complaint in its entirety for failure to satisfy the federal pleading standards. Defendants further argue that Counts VII and VIII should be dismissed for failure to state causes of action for circumvention of copyrighted software and trafficking in circumvention technology. In addition, defendants argue that Count IX fails to state a cause of action for violations of Florida's Deceptive and Unfair Trade Practice Act and that Count X fails to state a cause of action for civil conspiracy. The issues raised with respect to each of these arguments are addressed below.

### STANDARD OF REVIEW

In ruling on a motion to dismiss, a federal court must view the complaint in the light most favorable to the plaintiff and take its allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984): *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir.

1999); *Quinones v. Durkis,* 638 F.Supp. 856 (S.D.Fla.1986). When a federal court considers a motion to dismiss at the pleadings stage, it must apply the Federal Rules of Civil Procedure. Fed.R.Civ.P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Caster v. Hennessey,* 781 F.2d 1569, 1570 (11th Cir.1986). In order to satisfy the pleading requirements of Fed.R.Civ.P. 8, a complaint must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

Until the recent United States Supreme Court decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Neizil v. Williams,* 543 F.Supp. 899 (M.D.Fla.1982). The *Twombly* decision essentially abrogated *Conley*'s standard of review. Thus, to survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must now include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1964–65. As a result, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* Finally, the issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hammer v. Armstrong*

*World Industries,* 679 F.Supp. 1096, 1098 (S.D.Fla.1987).

### ANALYSIS

#### A. Federal Pleading Standards

Defendants move to dismiss plaintiff's complaint in its entirety for failure to failure to satisfy the federal pleadings standards under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, defendants argue that the complaint is comprised of conclusory statements and fails to allege sufficient factual allegations against each defendant as required in order to state a plausible claim for relief. According to defendants, plaintiff's collective allegations concerning all defendants in the same claims prevents them from being afforded proper notice of the claims related to each specific defendant.

As discussed above, the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), recently addressed the sufficiency of pleadings under a Fed.R.Civ.P.12 (b)(6) standard, holding that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." As such, the Court did not require a heightened pleading of specific facts, but instead held that the facts themselves must "raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of a claim. *Id.* Stated otherwise, plaintiff must allege facts sufficient to state a claim which is plausible—rather than merely conceivable—on its face. *Id.*

Applying this standard here, the Court finds that the complaint contains sufficient allegations to meet the pleading threshold of Rule 8(a)(2) of the Federal Rules of Civil Procedure which "requires only a short and plain statement of the

claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Complaint contains detailed factual allegations of the Bulk Resale Scheme including the method, operation and duration of the scheme. The complaint further details defendant's alleged misconduct and the location from which defendant operated the scheme. *See* Cpt., ¶¶ 28–40. The allegations also raise a reasonable expectation that discovery will reveal more evidence of the Bulk Resale Scheme. Accordingly, the Court finds that the Complaint is sufficient to meet the pleading threshold of Fed. R.Civ.P. 8(a).[2]

In so ruling, the Court recognizes that the complaint states collective allegations against all defendants rather than separate allegations as to each individual defendant. However, there is no requirement that a plaintiff formally separate claims according to each defendant in order to satisfy Fed. R.Civ.P. 8. *See Wynder v. McMahon,* 360 F.3d 73, 77 (2d cir.2004). "Indeed, parties are free to plead a claim against more than one Defendant in a single count, as contemplated by the concept of joint and several liability." *Jandy Pool Products, Inc. v. Omega Components, LLC,* 2007 WL 1303030, *4 (M.D.Fla. May 3, 2007).

As outlined above, the rules establish a liberal system of notice pleading in which a complaint need only present "a short and plain statement showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Conley v. Gibson,* 355

U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). At this stage of the proceedings, plaintiff's allegations, *albeit* collectively, are sufficient to put each defendant on notice of the claims asserted against them.

Accordingly, the Court finds that plaintiff has met the federal pleading requirements of Fed.R.Civ.P.8(a).

**B.** *Failure to State a Cause of Action*

**1.** *Circumvention of Copyrighted Software Protection (Count VII) and Trafficking in Circumvention Technology (Count VIII)*

Defendants seek dismissal of plaintiffs' claims for circumvention of copyrighted software protection (Count VII) and trafficking in circumvention technology (Count VIII) pursuant to the Digital Millennium Copyright Act ("DCA"), 17 U.S.C. § 1201, for failure to state a claim upon which relief may be granted. Specifically, defendants argue that these claims are precluded by an exemption to section 1201 which became effective on November 27, 2006. On that date, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six classes of copyrighted works that are exempt during the next three years from the provisions of the DCA, including computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network. *See* 71 Fed.Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). In defendant's view, the conduct allegedly attributable to them in Counts VII and VIII of the Complaint fall squarely within this exemption and, thus, is not a violation of federal law.

---

**2.** Issues raised by defendants concerning whether specific counts of the Complaint are subject to dismissal for failure to state causes of action pursuant to Fed.R.Civ.P. 12(b)(6) are addressed below.

■ Reviewing Counts VII and VIII in conjunction with Fed.Reg. 68472, the Court finds that this exemption does not absolve defendants of liability for their purported violations of the DCA because defendants' conduct as alleged in these claims does not come within the scope of the exemption. The complaint alleges that "[t]he process of reflashing or unlocking TracFone/NET 10 Prepaid Phones involves circumventing the electronic protections installed in the handset, and then erasing, removing and/or disabling the TracFone Prepaid Software. Defendants' actions are *not* for the sole purpose of lawfully connecting to a wireless telephone communication network." (emphasis added). *See* Cpt., ¶ 33. Indeed, defendants' alleged misconduct and involvement in unlocking TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Fed.Reg. 68472. *See* Cpt., ¶ 2.

Accordingly, the Court finds that the allegations set forth in the complaint do not fall within the scope of the subject exemption. This finding is supported by *TracFone Wireless, Inc. v. Dixon*, 475 F.Supp.2d 1236 (M.D.Fla.2007), wherein the district court entered final judgment against defendants and permanently enjoined defendants from engaging in the exact conduct alleged in this case. In so ruling, the court held that defendants' participation in the bulk resale scheme did not fall with the exemption to the DCA because the purpose of the scheme was to resell wireless telephone handsets for profits and not for the sole purpose of lawfully connecting to a wireless telephone communications network.

Based on the foregoing, the Court finds that plaintiff's allegations in Counts VII and VII of the complaint do not fall within the exemption to the DCA and, thus, are sufficient to withstand defendants' motion to dismiss.

### 2. *Florida's Deceptive and Unfair Trade Practices (FDUTPA) (Count IX)*

Defendants next seek to dismiss plaintiffs' claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IX) for failure to state a cause of action. In Count IX, plaintiff asserts that defendants' conduct in bulk purchasing TracFone/Net 10 Prepaid Phones, reflashing, disabling or removing the software and then reselling the relished phones as new "constitutes unlawful, deceptive and unfair trade practices in violation of F.S.A. § 501.201 et seq." *See* Cpt., ¶¶ 93 & 94.

■ A deceptive practice is one that is likely to misled consumers. *Davis v. Powertel, Inc.*, 776 So.2d 971, 974 (Fla. 1st DCA 2000). An unfair practice under the federal counterpart of this Act has been defined as one that "offends established public policy" and one that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Spiegel, Inc. v. Fed. Trade Commission*, 540 F.2d 287, 293 (7th Cir.1976). A "claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006). Defendants contends that plaintiff's FDUTPA claim fails for two reasons. First, defendants argues that the complaint fails to allege sufficient facts to show that defendants acted in a manner that offends public policy or is immoral. Second, defendants argue the complaint fails to allege fact to demonstrate that plaintiff has been aggrieved by the purported unfair or deceptive acts.

■ Reviewing the complaint, the Court finds Count IX sufficiently alleges

that defendants were engaged in a deceptive act or practice in trade or commerce and that defendants were aggrieved by the deceptive act or practice. As correctly noted by defendants, in order to be entitled to relief under FDUTPA, plaintiff must allege that it was aggrieved by an act or practice that constitutes a violation of the Act. *See* Fla.Stat. § 501.211(1). Engaging in trademark infringement is an unfair and deceptive trade practice that constitutes a violation of the Act. *See Laboratorios Roldan v. Tex Int'l Inc.*, 902 F.Supp. 1555, 1569–70 (S.D.Fla.1995) (explaining that intentionally palming off or passing off products is the type of behavior which FDUTPA was meant to protect against). The allegations of the complaint reflect that defendant's conduct in reflashing the subject phones was an infringement of plaintiff's trademark. Furthermore, plaintiff was allegedly aggrieved by this violation because the complaint asserts that defendants' participation in the bulk resale scheme has caused harm to TracFone and the consuming public because "consumers of the altered phones are misled as to the source, sponsorship and origin of their relished wireless phones." Cpt., ¶ 45. The complaint further alleges that defendant's participation in the bulk resale scheme has "resulted in the dilution of TracFone's trademarks, substantial harm to TracFone's business reputation and goodwill and a greater likelihood of confusion, mistake and deception as to the source of origin of TracFone products ..." Cpt., ¶ 47.

Accordingly, the Court finds that plaintiff's have sufficient stated a cause of action under FDUTPA so that defendants' motion to dismiss Count IX is denied.

### 3. *Civil Conspiracy (Count X)*

Finally, defendant seek to dismiss plaintiff's claim for civil conspiracy (Count X) for failure to state a cause of action. Specifically, defendants argue that the Complaint fails to set forth any overt acts in furtherance of the alleged conspiracy and, thus, fails to state a claim.

■ In order to state a claim for civil conspiracy under Florida law, a plaintiff must allege: (1) an agreement among two or more parties; (2) the doing of an unlawful act or a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy. *See Haskin v. R.J. Reynolds Tobacco Company*, 995 F.Supp. 1437, 1440 (M.D.Fla.1998); *Bivens Gardens Office Bldg. v. Barnett Banks of Fla.*, 140 F.3d 898, 912 (11th Cir.1998).

Plaintiff alleges that defendants and other co-conspirators including individuals acting as "Runners" agreed "to unlawfully bulk purchase, traffic and resell unlawfully relished and counterfeit TracFone/Net10 Prepaid Phones under the Marks." Cpt., ¶¶ 30 & 96. In addition, plaintiffs allege that defendants conspired to commit unlawful acts including infringement of TracFone's trademarks, unlocking, reflashing and altering its prepaid phones and trafficking the phones for profit. Cpt., ¶ 29–35. Defendants purchased over 7,000 TracFone Prepaid Phones from a reseller in Texas in Texas and sold them overseas. Cpt. ¶¶ 39 & 40. Plaintiff alleges that it has been damaged by the conspiracy by, *inter alia,* loss of profits, loss of business reputation and goodwill.

■ Based on these allegations contained and incorporated within Count X, the Court concludes that plaintiff has sufficiently plead a cause of action for civil conspiracy. Thus, defendant's motion to dismiss Count X is denied.

DONE AND ORDERED.