QBE INSURANCE CORP.,
Plaintiff/Counter–
Defendant,

v.

DOME CONDOMINIUM ASSOCIA-
TION, INC. d/b/a Bayview Towers
North & South, a Florida corporation,
Defendant/Counter–Claimant.

No. 08–20906–CIV.

United States District Court,
S.D. Florida.

Sept. 16, 2008.

Constantine Georgalis Nickas, William Frederick Fink, Wicker Smith O'Hara McCoy et al., Miami, FL, Gilberto Justino Barreto, Patrick Edward Betar, William S. Berk, Sorraya Solages, Berk, Merchant & Sims, PLC, Coral Gables, FL, for Plaintiff/Counter–Defendant.

John Marcus Siracusa, Daniel S. Rosenbaum, Richard Chambers Valuntas, Tatiana B. Yaques, Katzman, Garfinkel, Rosenbaum, LLP, West Palm Beach, FL, for Defendant/Counter–Claimant.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OMNIBUS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

PATRICIA A. SEITZ, District Judge.

THIS MATTER is before the Court on Plaintiff's Omnibus Motion to Dismiss Defendant's Counterclaim and Alternative Motion to Dismiss Counts I, III and IV of Counterclaim [DE–5], Defendant's response [DE–11], and Plaintiff's reply [DE–24]. QBE Insurance Corp. ("QBE") filed this action seeking the appointment of a neutral umpire to resolve a disputed insurance claim between QBE and its insured, Dome Condominium Association, Inc. ("Dome"). Dome filed an Answer, Affirmative Defenses, and Counterclaim [DE–4]. The counterclaim consists of four counts: Count I for Declaratory Judgment, Count II for Breach of Contract, Count III for Breach of Implied Covenant of Good Faith and Fair Dealing, and Count IV for Violation of Section 627.70131, Florida Statutes. QBE now seeks to dismiss the Counterclaim in its entirety or, in the alternative, to dismiss Counts I, III, and IV of the Counterclaim. QBE's motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons QBE's motion is granted as to Counts III and IV and parts of Count I.

### Background Facts

This dispute stems from an insurance claim Dome made after hurricane Wilma hit south Florida in October 2005. QBE was the issuer of Dome's commercial property insurance policy. After Dome made its claim, a dispute arose between the parties over damages covered by the insurance policy and, thus, the claim remains unpaid. The parties have twice submitted to the mediation program offered under Florida Statutes, section 627.7015 in December 2006 and August 2007. Although the statute requires the insurer to notify the insured of its right to participate in the mediation program, QBE never did. Dome's attorneys were aware of the program and sought mediation through the program after the attorneys were retained by Dome.

Pursuant to the insurance policy terms, each party named an appraiser but the appraisers could not agree upon the selection of a neutral umpire. Under the policy, an umpire is necessary if the two appraisers reach different loss amounts. If an umpire is necessary, each appraiser would submit his appraisal to the umpire and whomever the umpire agrees with would prevail. Under the policy, if the parties cannot agree on a neutral umpire, the parties may seek appointment of an umpire by a court. Thus, QBE filed a Petition for Court Appointment of a Neutral Umpire, Delineation of Scope of Appraisal, and Incorporated Memorandum of Law [DE–1] on April 2, 2008. Dome filed its answer and counterclaim, which QBE now moves to dismiss.

### Legal Standard for 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and provides that a party may move the Court to dismiss a claim for "failure to

state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6); *see In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir.1995). Such a motion does not decide whether the plaintiff will ultimately prevail on the merits, but instead whether such plaintiff has properly stated a claim and should therefore be permitted to offer evidence in support thereof. *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir.1995); *see also TracFone Wireless, Inc. v. GSM Group, Inc.*, 555 F.Supp.2d 1331, 1335 (S.D.Fla.2008). To survive a motion to dismiss, a complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir.2001). This material can be either direct or inferential, *see id.* at 683, but it must be factual. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *see also Roe*, 253 F.3d at 683. Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Twombly*, 127 S.Ct. at 1965. Finally, when a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir.2007).

### Dismissal of the Entire Counterclaim is Not Appropriate

■ QBE asserts that Dome does not have the right to bring any of the counterclaims because under the terms of the insurance contract, Dome may only bring a legal action if it is in compliance with all terms of the contract. QBE asserts that Dome is not in compliance with all terms of the insurance contract because Dome has not complied with the appraisal provision. Thus, QBE asserts that the entire counterclaim should be dismissed.

Dome argues that QBE is not entitled to enforce the appraisal provision of the contract because QBE never notified Dome of its right to participate in the mediation program set out in section 627.7015, Florida Statutes. Section 627.7015(7) states that if the insurer fails to notify the insured of its right to participate in the mediation program, "the insured shall not be required to submit to or participate in any contractual loss appraisal process of the property loss damage as a precondition to legal action for breach of contract against the insurer for its failure to pay the policyholder's claims covered by the policy." As a result, Dome argues that it is not required to partake in the appraisal process at all.

In response, QBE argues that obviously Dome had notice of the provision because it was Dome's attorneys that invoked the provision. Thus, the purpose of the statute has been met and QBE has not lost its appraisal rights under the contract. Further, QBE asserts that, by partaking in the appraisal process by providing the name of its appraiser, Dome has waived any rights to object to the process.

■ There is no question that QBE did not notify Dome of its right to participate in the mediation program. However, as noted above, the parties did utilize the mediation program. Despite QBE's arguments about notice, the statute specifically states that the insurer "shall notify all first-party claimants of their right to participate in the mediation program." Fla. Stat. § 627.7015(2). The statute squarely puts the responsibility of notification on the insurer. QBE did not meet this requirement. Thus, taking all of Dome's facts as true, under the statute Dome has the right to bring its counterclaims without having participated in the appraisal process.

### Count I—Declaratory Judgment Must be Dismissed in Part

In support of its argument to dismiss Count I of the counterclaim, QBE asserts that Dome has not pled any facts that entitle it to a declaratory judgment. Dome seeks a declaratory judgment as to six points, namely that (1) the Insurance Contract is valid and enforceable; (2) pursuant to the terms and conditions of the Insurance Contract, Dome has a valid and enforceable right to coverage; (3) pursuant to the Insurance Contract and section 718.111(11) of Florida Statutes, Dome has a right to coverage for damages to Dome's windows and sliding-glass doors; (4) determines the total amount of loss and damages caused by Hurricane Wilma; (5) Dome be awarded supplemental relief to fully compensate it for all of its hurricane related damages under Chapter 86, Florida Statutes; and (6) the Insurance Contract fails to comply with sections 627.701(a-b) and 627.701(4)(a), Florida Statutes, which would make the provisions concerning co-insurance and a separate hurricane deductible void and unenforceable. As to point (1), above, QBE argues that there is no dispute that the insurance contract is valid and enforceable and therefore, Dome is not entitled to a declaratory judgment on this issue. Furthermore, QBE, in its motion, "stipulates that it does not intend to rescind the subject policy, and same is valid and enforceable pursuant to the conditions, limitations and exclusions contained within the contract of insurance." Thus, QBE argues there is no real dispute. In response, Dome assets that the conditions, limitations, and exclusions contained in the policy mean that the policy currently may not be valid and enforceable. Thus, Dome argues there is an actual dispute.

As to point (6), above, QBE argues that Dome has not pled a claim for declaratory relief under Florida Statutes, section 627.701.[1] Dome's counterclaim asserts that the insurance policy does not comply with the requirements of section 627.701 and thus the provisions of the policy regarding co-insurance and a separate hurricane deductible are void and unenforceable. QBE asserts that it does not seek enforcement of the coinsurance provision and therefore there is no justiciable issue. QBE argues that as to the separate hurricane deductible issue, courts in the Southern District of Florida have previously declined to void the hurricane deductible for non-compliance with the statute. However, in one of the cases cited, the court specifically declined to void the provision because it noted that the statute did not provide an explicit remedy and the court would not fashion one. *See Chalfonte Condominium Apartment Association, Inc. v. QBE Insurance Corp.*, 526 F.Supp.2d 1251, 1256 (S.D.Fla.2007). However, Dome points out that a recent Florida trial court decision explicitly voided the deductible provision of a policy for failure to comply with section 627.701. *See Racquet Club, LLC v. Citizens Property Ins. Co.*, No. 07–23286 CA 31 (Fla.Cir.Ct.2008). Thus, Florida courts are willing to void the deductible provision for a failure to comply with section 627.701. Therefore, there is an actual issue for declaratory judgment, as to the hurricane deductible.

A party seeking a declaratory judgment must allege facts in a complaint from which it appears that there is a substantial likelihood that it will suffer injury in the future. *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1346 (11th Cir.1999). Taking the pleadings in

---

1. This section requires that a policy with coinsurance provisions contain specific language on the face of the policy and that a policy with a separate hurricane deductible contain specific language on the face of the policy in bold and in 18 point or larger font.

the light most favorable to Dome, Dome has not alleged facts that establish that there is an actual doubt as to the enforceability of the contract as a whole, point (1) above. In fact, QBE has stipulated that the contract is enforceable and seeks to enforce the contract itself through the appointment of a neutral umpire. Similarly, QBE has stipulated that it will not seek to enforce the co-insurance provisions, which is an issue raised in point (6) above. Thus, there does not seem to be an actual issue regarding the enforceability of the co-insurance provisions of the contract. However, as to the enforceability of the hurricane deductible provisions, there does appear to be an actual dispute regarding the effect of non-compliance. Accordingly, the claim for declaratory judgment as to the general enforceability of the contract and the enforceability of the co-insurance provision, sought in points (1) and (6) above, should be dismissed. However, the relief sought in point (6) as to the hurricane deductible shall remain. The other remaining claims for declaratory relief, contained in points (2) through (5) shall also remain.

### Count III—Breach of the Implied Covenant of Good Faith and Fair Dealing Must Be Dismissed

■ In seeking to dismiss Count III of the counterclaim, QBE asserts that a claim for breach of the implied covenant of good faith and fair dealing is precluded by Florida Statutes, section 624.155, which allows "bad faith" claims against the insurer. QBE argues that Dome's claim for breach of the implied covenant of good faith and

fair dealing is really just a disguised statutory bad faith claim. QBE relies on cases that have held that a breach of the implied covenant of good faith and fair dealing is not an available common law claim as a basis for a first-party action against an insurance carrier.

Dome asserts that a claim under section 624.155 is separate and distinct from a claim for breach of the implied covenant of good faith and fair dealing. Thus, Dome argues it can maintain a claim for breach of the covenant of good faith and fair dealing as long as the claim arises from a breach of an express term of the contract. In further support, Dome notes that the statute states that "[t]he civil remedy specified in this section does not preempt any other remedy or cause of action provided for pursuant to any other statute or pursuant to the common law of this state." Fla. Stat. § 624.155(8).

Federal courts are split on the issue of whether, in Florida, in the context of first-party insurance claims, a claim of breach of the implied covenant of good faith and fair dealing exists separate and apart from a statutory bad faith claim, including a split within the Southern District of Florida. However, the majority of courts have held that such an action does not exist, other than as a bad faith claim.[2] The Florida Supreme Court has stated that prior to the enactment of section 624.155, Florida did not recognize a common law remedy for an insurer's bad faith in the first-party insurance coverage context. *Allstate Indemnity Co. v. Ruiz*, 899 So.2d 1121, 1126 (Fla.2005). In a lengthy discus-

---

**2.** A minority of courts have held that a claim for breach of the implied covenant of good faith and fair dealing is a completely separate cause of action from a statutory bad faith claim and have allowed the breach of the implied covenant claim to proceed, as long as the party alleging the breach alleged an underlying breach of an express contract term.

*See Townhouses of Highland Beach Condominium Association, Inc. v. QBE Insurance Corp.*, 504 F.Supp.2d 1307, 1310–11 (S.D.Fla. 2007); *Chalfonte Condominium Apartment Association, Inc. v. QBE Insurance Corp.*, No. 06–81046–CIV, 2007 WL 2225972, at *3 (S.D.Fla. Aug. 1, 2007).

sion that reviews the history of both types of claims and relies in part on *Ruiz,* Judge Torres, in a report and recommendation adopted in whole by Judge Moreno, found that, in the insurance context, Florida does not recognize a common law claim for breach of the implied covenant of good faith and fair dealing. *Buckley Towers Condominium, Inc. v. QBE Insurance Corp.,* No. 07–22988, DE–142 (R & R) and DE–171, 2008 WL 2856457 (July 24, 2008); *see also Mid–Continent Casualty Co. v. Royal Palm Estate Builders, Inc.,* No. 07–80468–CIV, 2007 WL 4225801 (S.D.Fla. Oct. 2, 2007) (holding that the covenant of good faith and fair dealing "has no place in the context of insurance policy construction"). Furthermore, in *Quadomain Condominium Association, Inc. v. QBE Insurance Corp.,* No. 07–60003–CIV, 2007 WL 1424596 (S.D.Fla. May 14, 2007), Judge Moreno came to the conclusion that, because the allegations supporting the plaintiff's claim for breach of the implied covenant of good faith and fair dealing were the same allegations that would support a statutory bad faith claim, the plaintiff's breach of implied covenant claim was simply a statutory bad faith claim in disguise and he dismissed the claim. *Quadomain,* 2007 WL 1424596, at *6; *see also Trief v. Am. Gen. Life. Insurance Co.,* 444 F.Supp.2d 1268, 1269 (S.D.Fla.2006) (dismissing a breach of the implied covenant of good faith and fair dealing claim because it did not allege a breach of a specific contract term and appeared to resemble a statutory bad faith claim).

Although several courts have held that a claim for breach of the implied covenant of good faith and fair dealing is a completely separate cause of action from a statutory bad faith claim, *Ruiz* makes clear that such a claim did not exist prior to the passage of section 624.155. Thus, Dome's argument that it has a claim for breach of the implied covenant of good faith and fair dealing because the statute did not preempt any existing common law claims fails because, based on *Ruiz,* no such claim existed at the time the statute was passed.

Even taking the pleadings in the light most favorable to Dome, based on the majority of the decisions, Dome cannot state a cause of action for breach of the implied covenant of good faith and fair dealing because no such cause of action exists under Florida law. Consequently, Count III of the counterclaim should be dismissed.

### Count IV—Violation of § 627.70131, Florida Statutes Must be Dismissed

In support of its motion to dismiss Count IV of the counterclaim, QBE asserts that section 627.70131 cannot be the basis for a claim by Dome for two reasons: (1) the statute explicitly states that "failure to comply with this subsection shall not form the sole basis for a private cause of action;" Fla. Stat. § 627.70131(5)(a); and (2) the statute was passed after the parties entered into the insurance contract.[3] Dome argues that (1) its claim under this section is permitted because it is not Dome's *sole* cause of action; and (2) the statute should be applied retroactively because it is both remedial and procedural. (emphasis added).

Based on the plain language of the statute, Dome is precluded from bringing a claim that only seeks recovery based on section 627.70131. Black's Law Dictionary defines a cause of action as "[t]he fact or facts which give a person a right to judicial redress or relief against another." *Black's Law Dictionary* 221 (6th ed. 1990). In

---

**3.** The statute was amended and renumbered in 2007 and became effective on June 11, 2007.

Count IV, the only facts that Dome pleads as the basis for its right to redress are the facts that would establish a violation of section 627.70131. While Dome is correct that this claim is not its sole cause of action, Dome has pled the violation of the statute as a separate cause of action, which would make the alleged violation of the statute the *"sole basis"* for Dome's cause of action in Count IV of the counterclaim.

Further, the statute specifically states that "except as otherwise expressly provided in this act, this act shall take effect upon becoming law."[4] 2007 Fla. Sess. Law Serv. 2007–90, § 29. Based on the plain language of the statute, Dome is precluded from bringing a separate cause of action based solely on section 627.70131, as its claims, if any, arose in 2005. Therefore, accepting all of Dome's allegations as true, it cannot state a cause of action because under section 627.70131 there is no cause of action based solely on that section of the statute. Consequently, Count IV of the counterclaim must be dismissed.

Accordingly, it is hereby

ORDERED THAT Plaintiff's Omnibus Motion to Dismiss Defendant's Counterclaim and Alternative Motion to Dismiss Counts I, III and IV of Counterclaim [DE–5] is GRANTED in part and DENIED in part:

1) Counts III and IV of the counterclaim are DISMISSED WITH PREJUDICE;

2) Count I of the counterclaim is DISMISSED only as to the issues of the general enforceability of the contract and the enforceability of the co-insurance provision, the relief sought in points (1) and (6) set out above. Count I remains pending as to all other issues on which Defendant seeks a declaratory judgment, points (2)-(5), and the relief sought in point (6) as to the hurricane deductible; and

4. The Act was signed into law on June 11, 2007.

3) The motion is DENIED in all other respects.